The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Amy L. Pfeiffer, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Amy L. Pfeiffer.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing as:
 STIPULATIONS
1. The employee and employer are correctly named and designated in the caption above.
2. The carrier on the risk for workers' compensation purposes is Travelers Insurance Company.
3. At all relevant times, defendant-employer employed three or more employees and was bound by the North Carolina Workers' Compensation Act. An employment relationship existed between plaintiff and defendant-employer.
4. Plaintiff sustained an admittedly compensable injury by accident to her left hand and arm on 3 November 1995. Defendants accepted liability for plaintiff's injury by accident by virtue of a Form 21 agreement that was approved by the Industrial Commission on 19 August 1996.
5. Plaintiff filed a Form 18 with the Industrial Commission on 18 October 1999, and she filed a Form 33 Request for Hearing with the Commission on 19 October 1999.
6. Plaintiff missed work from 28 October 1999 through 27 December 1999. During this period of time, plaintiff received fully employer-funded sickness and accident benefits. The parties agreed to stipulate to the total amount of these benefits received by plaintiff; however, to date, no stipulation regarding this amount has been forthcoming.
7. In addition to the deposition transcripts and the exhibits attached thereto, the parties stipulated into evidence in this matter a packet of plaintiff's medical records. Plaintiff introduced and the Deputy Commissioner admitted into evidence the following exhibits: (1) a letter to plaintiff dated 24 July 1996 along with a copy of the unapproved Form 21 agreement and the Form 31 lump sum application; (2) the Form 28B; and (3) plaintiff's pre-employment physical. Defendants introduced and the undersigned admitted into evidence the following exhibits: (1) Dr. Askin's medical note from 3 July 1996; (2) eight pages of plaintiff's earnings from 1995 through November 1996; and (3) twenty-two pages of plaintiff's attendance records.
8. The primary issue to be determined at the hearing before the deputy commissioner is whether plaintiff is entitled to additional medical and indemnity compensation as a result of her admittedly compensable injury by accident of 3 November 1995. Specifically, plaintiff contends that the Form 21 agreement should be set aside as improvidently approved for the reason that the Industrial Commission did not appropriately review the entire file and medical records. In addition, plaintiff contends that defendants are estopped from asserting the statute of limitations for a change of condition, as it is her assertion that she never received a copy of the Form 28B closing her case.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the undersigned makes the following additional:
 FINDINGS OF FACT
1. On the date of the hearing before the deputy commissioner, plaintiff was 40 years old and was working for defendant-employer. Plaintiff was hired by and began working for defendant-employer in March 1995. Plaintiff is an insulin-dependent diabetic.
2. Plaintiff sustained an admittedly compensable injury by accident to her left arm and hand on 3 November 1995. As a result of this admittedly compensable injury by accident, plaintiff began treating with Dr. Askins. During his course of treatment of plaintiff, Dr. Askins indicated that plaintiff was capable of light duty or one-handed work, and at several times during the course of his treatment, Dr. Askins noted that it was too early to make a final settlement. Plaintiff continued to work following her admittedly compensable injury by accident.
3. On 3 July 1996 plaintiff presented to Dr. Askins, who at that time released her and rated her as having retained a 10 percent permanent partial impairment. Early in this medical note Dr. Askins noted that this was a work injury, and that "[he] advised no settlement until at least six months." In this note Dr. Askins went on to describe plaintiff's condition, and two times thereafter he indicated that "final settlement can occur."
4. After the permanency rating was assigned by Dr. Askins, defendants executed a Form 21 agreement for the payment of 24 weeks of permanent partial disability benefits. Plaintiff, who then was not represented by legal counsel, met in the office of Jean Shaver, the employer's workers' compensation and disability benefits representative. Plaintiff merely signed the Form 21 agreement and the Form 31 application for a lump sum payment without first reading the forms or without asking questions of Ms. Shaver. No one forced plaintiff to sign the forms without reading them; plaintiff was informed that she could take the forms home and bring them back later. No one misled plaintiff in any way regarding her rights under the Act with respect to the signing of these forms. Plaintiff had every right to read the forms before signing them, and/or take the forms with her and consult with the union representative before she signed them.
5. After the forms were executed, defendants submitted the Forms 21, 25R, and 31 to the Industrial Commission for approval. Defendants did not submit a complete packet of plaintiff's medical records to the Industrial Commission with these forms.
6. On 19 August 1996 the Commission approved the Forms 21 and 31, and on 21 August 1996 defendants forward to plaintiff the lump sum award of $11,472.00 which represented plaintiff's 10 percent permanent partial disability. On or about 26 August 1996 defendants filed a Form 28B with the Industrial Commission. Plaintiff only received a copy of the Form 21. She did not receive a copy of the Form 31, nor did she receive a copy of the Form 28B.
7. Plaintiff continued to work after receiving her final settlement from defendants. Plaintiff did not have any medical problems with her left arm or hand in the three-year period after settling her claim on the Form 21. Accordingly, she did not seek or request medical treatment during this period of time. In addition, plaintiff did not miss any work for reasons related to her left arm and hand during this three-year period of time.
8. The required overtime hours for plaintiff and for other employees were reduced in 1997 due to union activity. Plaintiff's reduced overtime hours led to reduced wages; however, plaintiff's reduced wages after 1997 were unrelated to plaintiff's admittedly compensable injury by accident.
9. Plaintiff sprained her chest wall at work in March 1999. After suffering from this injury, plaintiff was put on light-duty work. Plaintiff began having problems with her left wrist in late July 1999, and was seen at the plant dispensary for these complaints. Plaintiff was seen by Dr. Askins for renewed complaints in her left arm and hand on 21 September 1999. On 28 October 1999 plaintiff underwent surgery to remove the distal ulnar.
10. Plaintiff missed work as a result of her surgery from 28 October 1999 through 27 December 1999. During this period of time, plaintiff received sickness and accident disability benefits. These benefits are solely employer-funded. Plaintiff's medical bills relating to her left arm and hand after July 1999 were paid by her health insurance and her own co-payments.
11. On 21 April 2000 Dr. Askins assigned an additional 5 percent permanent partial rating to plaintiff's left arm. This additional five percent rating is on top of the previous 10 percent rating that Dr. Askins assigned in July 1996.
12. Plaintiff's need for distal ulnar resection was directly related to her admittedly compensable injury by accident of 3 November 1995 and the resulting arthritis that developed. However, plaintiff's need for surgery did not arise until more than three years after she was last treated by Dr. Askins for her 3 November 1995 crush injury. Plaintiff did not ask for or seek any medical treatment during the three-year period of time; moreover, her testimony was clear that she did not need any medical treatment during this period of time.
13. While the need for plaintiff's subsequent surgery was caused by her original compensable injury by accident, unfortunately, this need did not arise within two years of the date of plaintiff's last receipt of compensation.
14. Where Dr. Askin's medical note of 3 July 1996 regarding the ripeness of time for a final settlement is contradictory and confusing, the evidence is uncontroverted that plaintiff neither sought nor needed medical treatment for over three years after July 1996. Had plaintiff needed medical treatment for her left upper extremity, she could have and indeed should have sought this treatment. There is insufficient evidence of record to support an argument that plaintiff's settlement of her claim in July 1996 was procured on the basis of fraud, misrepresentation, duress, or mutual mistake, or that plaintiff's delay in filing for a change of condition was for any of the foregoing reasons.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident to her left upper extremity on 3 November 1995. N.C. Gen. Stat. §97-2(6). Defendants admitted liability for plaintiff's claim pursuant to a Form 21 that was approved by the Industrial Commission on 19 August 1996 after the Commission's review of the Form 25R signed by the treating physician.
2. Plaintiff's average weekly wage on 3 November 1995 was $1,109.50, which yields the maximum compensation rate for 1995 of $478.00. N.C. Gen. Stat. § 97-2(5).
3. An approved Form 21 is an award of the Industrial Commission, N.C. Gen. Stat. § 97-82, and as such can be set aside only upon a showing to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence, or mutual mistake. N.C. Gen. Stat. § 97-17.
4. Plaintiff argues that Dr. Askins assigning a permanency rating on 3 July 1996, and the attendant Form 21 approval on which the rating was based, was a mutual mistake of fact in that Dr. Askins made two contradictory notations in his 3 July 1996 medical note regarding whether the claim was ripe for settlement, and the Commission, therefore, improvidently approved the form agreement. However, the Commission was presented with a Form 25R that was stamped with the treating physician's signature. It is unclear from the record whether the 3 July 1996 medical note was included; and even if it were, the Commission could have read the note to mean that the doctor's first notation, which was in the past tense, related to settlement six months after the date of injury, and the second and third notations, being in the present tense, related to the propriety of settlement in the present. While perhaps not advisable, the Commission sometimes approves form agreements based upon a review of the Form 25R if the Form 25R is signed by the treating physician in the case.
5. A form agreement is an agreement entered into between the parties to the action. A form agreement that is filed with the Commission for a permanent disability should include the full and complete medical record. N.C. Gen. Stat. § 97-82; Rule 501. However, a form agreement that does not include all medical records is not void, but instead isvoidable. The grounds for setting aside a Commission award are set forth in paragraph 3 above in these Conclusions of Law. There is insufficient evidence of record that defendants procured the agreement due to fraud, misrepresentation, undue influence, or mutual mistake. N.C. Gen. Stat. § 97-17.
6. Plaintiff did not receive any medical treatment for the period of time from 3 July 1996 through 21 September 1999. Plaintiff last received indemnity compensation 21 August 1996. Plaintiff had two years from the date of last compensation paid to refile her claim on the grounds of a change of condition, regardless of her receipt of a Form 28B. N.C. Gen. Stat. § 97-47. Plaintiff filed her claim for additional compensation more than two years after the date she last received compensation for her admittedly compensable injury by accident. Plaintiff has not raised good grounds to hold that defendants are estopped from raising this two-year statute of limitations merely because plaintiff did not receive a Form 28B. Plaintiff could have, and indeed should have, read the back page of the Form 28B on which time limitations are noted; or, plaintiff could have consulted with the union representative at defendant-employer, who also could have given her information regarding time limitations. In addition, plaintiff could and indeed probably would have sought medical treatment during the two-year period of time had she needed additional treatment. Because she neither sought nor needed medical treatment during the two-year period of time, and because she did not suffer a wage diminution during this period of time related to her compensable injury by accident, plaintiff did not suffer a change of condition within the statutory time period.
7. For the foregoing reasons, plaintiff has not raised sufficient grounds for the receipt of additional medical and indemnity compensation for her admittedly compensable injury by accident of 3 November 1995.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for additional indemnity and medical benefits must be, and the same is HEREBY DENIED.
2. Defendants shall pay a reasonable expert witness fee of $200.00 to Dr. Askins for his deposition testimony in this matter.
3. Defendants shall pay a reasonable expert witness fee of $350.00 to Dr. Clark for his deposition testimony in this matter.
4. Each side shall bear its own costs of this proceeding.
This 2nd day of October 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER